## ABRAHAM DODGE *vs.* MARY H. NICHOLS & others.

A deed of land conveying " the following parcels of real estate, being all the real estate of which my father died seised and possessed, viz: [here followed a description of several parcels of land] meaning to quitclaim all that is given to me of the real estate of my father by his last will and testament," includes the grantor's interest in all the land given to him by his father's will, although not specifically described.

A married woman, who owned under a devise from her father an undivided interest in a piece of land, united with her husband in a deed in this form: " Know all men by these presents that we, Paul Kimball and Sarah Kimball in his right, in consideration, &c. release and quitclaim unto A. B. all my right and title to the estate of which my father died seised and possessed, both real and personal, excepting his share in a dwelling-house, &c., together with all other the estate, right, title, interest, &c. whatsoever of me, the said Paul Kimball, which we now have," &c. *Held,* that this deed included her interest under the devise.

The extent of a grant of land cannot be shown by declarations of the grantor, or of the scrivener, made after the execution of the deed; or by conversations between the parties to the deed, before its execution, respecting the estate about to be conveyed.

Actual notice of an unrecorded deed from a guardian is not proved by showing knowledge of the execution of the guardian's bond, upon being licensed to sell the real estate.

On the trial of a petition for partition, it cannot be shown in defence that the guardian of the grantor of the petitioner formerly presented a petition for leave to sell the grantor's interest in the land, describing it as less than the interest now claimed under him by the petitioner, for the purpose of showing " that parties in adverse interest to the petitioner were in possession at that time, without any adverse claim on the part of those then holding the estate now claimed."

PETITION FOR PARTITION. A trial by jury was waived in the superior court, and the case was heard by *Vose,* J. The petitioner introduced in evidence, in establishing his title, a deed from Mehitable Langmaid, dated November 18, 1825, in which she conveyed to Uzziel Dodge " all my right, title and interest in the following parcels of real estate, (being all the real estate of which my honored father John Dodge died seised and possessed, excepting only his share or interest in a dwelling-house in said Wenham, &c.) viz: [here followed a description of several parcels of land] meaning to quitclaim all that is given to me of the real estate of my said father, deceased, by his last will and testament." He also introduced another deed from Elzaphan Dodge to Uzziel Dodge, dated December 6, 1826, which was in the same form. It was agreed by the parties that these deeds did not include among the parcels of land

specifically described therein, the "Balch pasture," of which eighty one-hundredth parts were devised by said John Dodge to his children Uzziel, Elzaphan, Lucy, Mehitable Langmaid and Sarah Kimball, and which was the subject of the present controversy. The petitioner also introduced a deed dated March 11, 1826, of which the parts now material were as follows: "Know all men by these presents that we, Paul Kimball and Sarah Kimball in his right, of Wenham, &c., in consideration, &c., do remise, release and forever quitclaim unto the said John Dodge, Lucy Dodge, Uzziel Dodge and Elzaphan Dodge, all my right and title to the estate of which my honored father John Dodge died seised and possessed, both real and personal, excepting his share in a dwelling-house, &c., together with all other the estate, right, title, interest, use, property, claim and demand whatsoever of me the said Paul Kimball, which we now have, or at any time heretofore had, of, in and to the aforementioned premises," &c.

Certain of the respondents offered parol evidence of the declarations of Paul Kimball, made after the above-mentioned deed of Paul Kimball and wife to Uzziel Dodge and others was made and delivered, and of the scrivener who drew the deed, that it was intended to except and not to convey the Balch pasture by that deed; but the judge declined to receive the evidence.

They also offered the probate record of the bond of Rebecca Dodge, guardian of Samuel A. Dodge, approved and filed in the probate court, in May 1835, upon her being licensed, upon the petition hereinafter set out, to sell real estate belonging to said Samuel A., and upon which bond the petitioner was one of the sureties, for the purpose of proving actual notice to the petitioner of the sale by her of the share of Samuel A. in the premises to some other person than himself; but the judge declined to receive the evidence.

They also offered evidence of conversations between Elzaphan and Uzziel Dodge, at the time the former made and delivered his deed of December 6, 1826, to the latter, and Mehitable and Uzziel when her deed of November 18, 1825, was so made and

delivered, respecting the estate about to be conveyed, for the purpose of showing what the parties to those deeds intended to convey; but the judge declined to receive the evidence.

They also offered in evidence the record of the petition of Rebecca Dodge, guardian of Samuel A., filed in the probate court in April 1835, and reciting his interest in " one undivided fifth of Balch's pasture," and praying for leave to sell, for the purpose of showing " that parties in adverse interest to the petitioner were in possession at that time, without any adverse claim on the part of those then holding the estate now claimed;" but the judge declined to receive or consider the evidence.

Other facts which appeared in the case are stated in the opinion.

Upon the whole evidence, the judge found that the petitioner was entitled to have partition of the premises made. The respondent alleged exceptions.

*J. C. Perkins & E. W. Kimball,* for the petitioner.

*R. S. Rantoul,* for certain of the respondents.

*S. B. Ives, Jr.* (*A. C. Goodell* with him,) for others of the respondents.

MERRICK, J. The parcel of land of which the petitioner seeks to obtain partition is situate in Wenham and Beverly, contains about twenty acres, and is known as the " Balch pasture." It formerly belonged to John Dodge, who in his last will devised ten one-hundredths of it to each of his daughters, Mary and Jerusha, and sixteen one-hundredths of it to each of his children, Uzziel, Elzaphan, Mehitable, Lucy and Sarah. The petitioner claims to have acquired title to the whole of the shares of Uzziel, Elzaphan and Mehitable, and to one quarter part of the share of Sarah, which severally came to them under their father's will, and thus to be seised, as tenant in common with the other owners, of fifty-two undivided one-hundredth parts of the premises.

In support of this title, the petitioner produced upon the trial deeds from said Elzaphan and Mehitable of their said shares, and of said Sarah of one quarter part of her said share, to the said Uzziel. And it was further shown by him that said Uzziel

died intestate, and that the whole of his estate descended to and was inherited by his son Dr. Samuel Dodge, who afterwards died testate, having devised all his right and interest in the premises to his son Samuel Augustine Dodge. He then produced a quitclaim deed from said Samuel Augustine to himself, dated September 21, 1855, wherein and whereby the said Samuel A. released and quitclaimed the same to him.

Upon this and upon all the other evidence in the case, it was found by the court that the petitioner is entitled to have partition made of the premises, and that fifty-two one-hundredths thereof should be set out and assigned to him.

It is now objected that this conclusion was erroneous, and that, instead of entering judgment for partition, there should have been judgment that the petition be dismissed, because upon the facts reported it appears that, at the time when the said Samuel A. Dodge made and executed the deed to the petitioner, he was disseised of the premises, and therefore that the deed was inoperative and void, and consequently that the petitioner had shown no title whatever to the premises.

There is no doubt that a tenant in common of undivided real estate may be disseised, and that a conveyance by a disseisee is unlawful and void, and that the title to the estate will in such case, notwithstanding the deed, remain in the grantor. *Lefavour* v. *Homan*, 3 Allen, 354. *Barry* v. *Adams*, Ib. 493. *Parker* v. *Proprietors of Locks and Canals*, 3 Met. 91, 100. *Brinley* v. *Whiting*, 5 Pick. 348. *Foster* v. *Abbot*, 8 Met. 596. And the facts stated in the report certainly tend very strongly to show that said Samuel A. Dodge had long before been, and at the time when he made his quitclaim deed was, disseised of the premises. On the 2d of April 1836, Rebecca Dodge, as his guardian, sold sixteen one-hundredths of the premises as his estate to Jesse Sheldon, by a deed which was not recorded until March 2, 1858. And it is expressly found that neither the said Rebecca nor the petitioner as his guardian, nor he himself after becoming of age, ever had possession of the premises, or claimed or received any of the profits thereof, or used or occupied any part of the same, up to the time of the making of his deed to

the petitioner in September 1855. It further appears that on the 18th of January 1834 the said Elzaphan Dodge quitclaimed to Dudley Dodge " the Balch pasture, lying in common with the heirs of John Dodge," and that the said Mehitable Langmaid on May 1, 1843, quitclaimed one undivided sixth part of the same to said Dudley. It also further appears that the said Sarah Kimball died, and that all her interest in the premises, if any, descended to her son and sole heir, Edward L. Kimball, who afterwards on the first day of November 1853 conveyed to Richard P. Waters, one of the respondents, one undivided sixth part of the premises. And Dudley Dodge, by his deed of October 1, 1845, conveyed twenty-eight seventy-fifths of the Balch pasture to Joshua H. Ward, who devised all his interest therein to Ward and Nichols, two others of the respondents. It also further appears that all these parties, viz : Paul Kimball, as the surviving husband of said Sarah, and afterwards the said Edward L. Kimball until his conveyance to the said Waters, the said Mehitable and Elzaphan until their respective deeds to said Dudley, and afterwards the said Dudley, and the said Sheldon, claimed and received each of them a share or shares of the profits of said estate. But the premises have remained undivided, and the shares of those claiming interest and receiving profits have been indefinite and uncertain.

From all these facts and statements it clearly appears that, as to all the shares of said Uzziel, Elzaphan, Mehitable and Sarah, which they derived under the will of their father, and which constitute the share to which the petitioner claims to be entitled under the said deed of said Samuel A., they or their grantees were constantly in possession of the premises, claiming title thereto and receiving the income and profits thereof; and that said Samuel A. never after April 2, 1836, was in possession of any part of the premises, or received any rent, income or profit therefrom, or set up or pretended to have any claim or title thereto. Nor has the petitioner himself ever been in possession thereof, though he claims to hold under the deed of said Samuel A. as the only source and foundation of his title.

A stronger case than this, to show that the said Samuel A.

Dodge, if he had any right or title in the premises, was disseised thereof, and consequently that his deed to the petitioner was inoperative and void, it would certainly seem difficult to establish. But it is now contended that this objection to his title is not open to the respondents, because it was not taken and insisted upon at the trial. And although, upon the general conclusion and finding of the court upon the facts reported, the question is manifestly presented for our consideration, it is not stated, nor does it from any of the facts which were reported follow by a necessary implication, that it was relied upon as one of the grounds of defence to the petition. In this absence of proof, and in the doubt and uncertainty created by a want of fulness of statement on the subject, and whether this question was distinctly brought to the attention of the presiding judge and passed upon by him, we think the court should not come to any final determination upon the question of the disseisin of Samuel A. Dodge; but that a new trial should be granted in order that it may be more fully investigated, and the parties heard concerning it. For this purpose, a new trial must accordingly be ordered.

In other respects, the proceedings upon the trial and the conclusions of the court appear to have been unobjectionable. In the construction given to the several deeds of said Elzaphan, Mehitable and Sarah to said Uzziel Dodge, and in the exclusion of the matters offered in evidence by the respondents Waters and Nichols, the several rulings appear to have been appropriate and correct, and the exceptions thereto should be overruled.

*New trial granted.*